## In re SCHWEHM REALTY CO.

### SCHWEHM REALTY CO. v. PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES et al.

No. 6935.

Circuit Court of Appeals, Third Circuit.

Dec. 9, 1938.

Thomas H. Munyan, of Atlantic City, N. J., and Kraus & Weyl and Jerome L. Markovitz, all of Philadelphia, Pa., for appellant.

Cassman & Gottlieb and Harry Gottlieb, all of Atlantic City, N. J., for appellees.

Before DAVIS, BIGGS, and BUFFINGTON, Circuit Judges.

BIGGS, Circuit Judge.

This is an appeal by the debtor from a decree of the court below dismissing a petition filed by the debtor on behalf of certain building and loan companies holding second mortgages upon the property of the debtor. The petition prayed that the claim of the appellees, secured by a first mortgage upon identical property, be disqualified for the purpose of determining the requisite majority for the acceptance of a plan of reorganization already filed and found by the court to be fair, equitable and feasible. Section 203 of the Bankruptcy Act, Act of July 1, 1898, c. 541, Section 203, as added June 22, 1938, c. 575, Section 1, 52 Stat. 894, 11 U.S.C.A. § 603, provides that if the acceptance or failure to accept a plan by the holder of any claim is not in good faith then such claim may be disqualified.

The allegations of the petition are sufficient to show lack of good faith on the part of the appellees if supported by evidence. No answer to the petition was filed by the appellees, under a misapprehension that the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, adopted by the Supreme Court pursuant to the Act of June 19, 1934, c. 651, Sections 1, 2, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c are applicable to a proceeding in bankruptcy.

Argument was had before the court below and certain admissions as to facts were made by counsel for the respective parties, but these admissions were not reduced to writing and do not appear on the record upon appeal. We are therefore unable to determine the merits of the controversy.

It follows that upon the record before us the decree of the District Court of October 24, 1938 dismissing the petition of the appellant cannot be sustained. Accordingly that decree is reversed and the cause is remanded with directions to the court below to afford the appellees a reasonable time for the filing of an answer and to proceed to a hearing in order that the issues of fact and law may be determined.